## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**TODD J. LLOYD,**

**Plaintiff,**

v.                                                    **CASE NO. 23-3210-JWL**

**PAUL S. MCCAUSLAND,**

**Defendant.**

## MEMORANDUM AND ORDER

Plaintiff and state prisoner Todd J. Lloyd, who is housed at El Dorado Correctional Facility in El Dorado, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) The Court has reviewed the complaint and identified certain deficiencies that are set forth below and that leave the complaint subject to dismissal in its entirety. The Court will therefore direct Plaintiff to file a complete and proper amended complaint that cures the deficiencies identified herein. If Plaintiff fails to do so in the allotted time, this matter will be dismissed without further prior notice to him.

### I.    Nature of the Matter before the Court

In 2014, a jury in Reno County, Kansas convicted Plaintiff of two counts of kidnapping, and the state district court sentenced him to 221 months in prison. *See State v. Lloyd*, 2016 WL 6568746, \*1-2 (Kan. Ct. App. Nov. 4, 2016), *rev. denied* July 31, 2017; *see also* online records of Reno County, Kansas district court, *State v. Lloyd*, Case No. 2014-CR-000313. Plaintiff appealed his convictions, but in November 2016, the Kansas Court of Appeals (KCOA) affirmed and, in July 2017, the Kansas Supreme Court (KSC) denied his petition for review.

In April 2018, Plaintiff filed in Reno County a petition seeking state habeas relief under

1

K.S.A. 60-1507. *See* online records of Reno County, Kansas district court, *Lloyd v. State*, Case No. 2018-CV-000135. Plaintiff was appointed counsel to represent him in that proceeding, but court records reflect that the first eight or nine attorneys appointed were allowed to withdraw based on conflicts with Plaintiff. Attorney Paul S. McCausland is the attorney currently appointed to represent Plaintiff in the ongoing K.S.A. 60-1507 proceedings.

Plaintiff names McCausland as the sole defendant in this federal civil rights action. (Doc. 1, p. 1-3). The Court first points out that, as noted on the docket for this matter, it appears that several pages of Plaintiff's complaint were not submitted for filing. Liberally construing the complaint, however, the Court has attempted to make out the nature of the claims therein.

As the factual background for this complaint, Plaintiff alleges that McCausland has conspired with Kansas District Judge Trish Rose, who presided over Plaintiff's criminal trial and presides over his ongoing K.S.A. 60-1507 proceedings; Kansas District Judge Keith Schroeder, who—in his role as Reno County Attorney before he was elected as a district judge—prosecuted the criminal case against Plaintiff; and Thomas Stanton, the Reno County Attorney who represents the State in the ongoing K.S.A. 60-1507 proceedings. Plaintiff alleges that the goal of the conspiracy between Defendant, Judge Rose, Judge Schroeder, and Mr. Stanton was to sabotage the K.S.A. 60-1507 proceedings so that Plaintiff's criminal convictions, which are being challenged in the 60-1507 proceeding, will stand. *Id.* at 2-3.

More specifically, Plaintiff alleges that Defendant falsely accused Plaintiff of asking for legal assistance that was not permitted by the Rules of Professional Conduct or was otherwise illegal, in order to render Plaintiff's 60-1507 petition subject to dismissal for lack of prosecution. *Id.* at 3. Plaintiff complains that although he explained to Defendant that Judge Schroeder had lied during the criminal proceedings about his motivation in striking a potential juror and how Plaintiff

wished Defendant to seek relief based on those lies, Defendant instead conspired with Judge Schroeder to cover up the lie. *Id.* at 8. Although Plaintiff makes many additional factual assertions in his complaint, they are related to what he identifies as problems in the underlying criminal proceedings and, while they provide context for the claims against Defendant, they do not directly involve Defendant.

As Count I of the complaint, Plaintiff alleges the violation of his Fifth and Fourteenth Amendment rights to due process and equal protection of the law. *Id.* at 4. Liberally construing the complaint as it was filed, Court I appears to be based on multiple allegations of error during his criminal trial and Defendant's failure in the K.S.A. 60-1507 proceedings thus far to argue the jury-selection claim as Plaintiff wished. *Id.* at 5-10. As Count II of the complaint, Plaintiff asserts that his Sixth Amendment right to effective assistance of counsel in his K.S.A. 60-1507 proceeding has been violated, again pointing to his assertion that Defendant falsely accused Plaintiff of asking Defendant to provide illegal and unethical assistance. *Id.* at 4, 11. As relief, Plaintiff seeks an order vacating his convictions in Reno County case number 2014-CR-000313 and monetary damages from Defendant in the amount of $2,500,000.00. *Id.* at 13.

## II.    Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his amended complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se amended complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th

Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

III.    Discussion

A.  Failure to Allege Action "Under Color of State Law"

This action is subject to dismissal in its entirety because the sole Defendant was not acting

"under color of state law." "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 324 (1981).

"[A] person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 317-18 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). The role of a public defender is adversarial to the State and the traditional duties of a public defender in a criminal proceeding are not considered actions taken under color of state law. *Id.* at 321, 324-25. Thus, § 1983 claims against one's public defender based on performance of a public defender's "traditional functions as counsel to a defendant in a criminal proceeding . . . must be dismissed." *Id.* at 325.

Although Defendant in this matter is not acting as defense counsel in criminal proceedings but as court-appointed plaintiff's counsel in postconviction habeas proceedings, the same rationale applies. Counsel's role is adversarial to the State and, even when court-appointed, counsel is bound by the rules of professional conduct that require him or her to advocate for his or her client. It follows, therefore, that court-appointed counsel in a K.S.A. 60-1507 proceeding who is performing the traditional functions of counsel to a plaintiff in postconviction challenges to a criminal conviction is not acting "under color of state law." The Court's research has revealed no caselaw directly on point within the Tenth Circuit, but other Circuits and federal district courts have

similarly ruled. *See Briscoe v. LaHue*, 663 F.2d 713, 722 (7th Cir. 1981) (holding that attorneys "as [plaintiff's] post-conviction counsel, were not acting under color of state law in representing [plaintiff]."); *Corliss v. O'Brien*, 200 Fed. Appx. 80, 83-84 (3d Cir. 2006) (unpublished); *Truesdale v. Florida*, 2018 WL 11302939, *6 (S.D. Fla. June 21, 2018) (unpublished report and recommendation) ("[I]t is well established that Plaintiff's post-conviction counsel . . . is absolutely immune from § 1983 suit, because he is not a state actor, as the statute requires."), *adopted by* 2018 WL 11302938 (S.D. Fla. Oct. 29, 2018).

In his complaint, Plaintiff accurately points out that "[a]n otherwise private person acts 'under color of' state law when engaged in a conspiracy with State Officials to deprive another of federal rights." (Doc. 1, p. 1.) "[A] 'sufficient claim of a conspiracy between a private lawyer and state actors . . . would support the allegation that the private lawyer acted under color of state law.'" *Bledsoe v. Jefferson Cnty, Kan.*, 275 F. Supp. 3d 1240, 1252 (D. Kan. Aug. 4, 2017) (citations omitted). "'Conclusory allegations of conspiracy[, however,] are insufficient to state a valid § 1983 claim.'" *Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022).

To state a § 1983 conspiracy claim, a plaintiff must "allege 'specific facts showing an agreement and concerted action among defendants,'—an 'agreement upon a common, unconstitutional goal,' and 'concerted action' taken 'to advance that goal.'" *Id.* (citations omitted). Plaintiff need not allege an express agreement to join the conspiracy; "'a defendant's assent can be inferred from acts furthering the conspiracy's purpose.'" *Id.* (citations omitted). And although "'[t]he participants in the conspiracy must share the general conspiratorial objective,' 'they need not know all the details of the plan designed to achieve the objective or possess the same motives for desiring the intended conspiratorial result.'" *Id.* (citations omitted).

Even liberally construing the complaint now before the Court, it does not plead sufficient

specific facts showing an agreement between Defendant and any state actor to deprive Plaintiff of his constitutional rights, nor does it allege sufficiently specific facts showing concerted action to further that agreement. This may be because, as noted above, the complaint as filed is missing pages. Therefore, the Court will grant Plaintiff time to file a complete and proper amended complaint that cures the deficiencies described herein. Although the failure to plausibly allege action taken under color of state law is by itself enough to require an amended complaint, the Court will identify additional deficiencies in the complaint which Plaintiff must cure in any amended complaint he files.

### B.  Failure to Allege a Constitutional Violation

This action is subject to dismissal in its entirety because it fails to assert the sole Defendant's personal participation in the violation of Plaintiff's federal constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). The sole allegations regarding Defendant's actions are (1) he falsely accused—presumably to the state court during the K.S.A. 60-1507 proceedings— Plaintiff of asking him to render illegal and/or unethical assistance and (2) he has not complied with Plaintiff's desired legal strategy in the ongoing K.S.A. 60-1507 proceedings. Plaintiff has not explained how either of these allegations, even if true, show a violation of his constitutional rights.

Moreover, to the extent that Plaintiff relies on the Sixth Amendment's guarantee of effective assistance of counsel, such reliance is misplaced. As far as this Court can tell, Defendant did not represent Plaintiff in any of his criminal proceedings, only in his first K.S.A. 60-1507 proceeding. The United States Supreme Court has long held that "[t]here is no constitutional right

to an attorney in state post-conviction proceedings," which means that a state habeas petitioner "cannot claim constitutionally ineffective assistance of counsel in such proceedings." *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Thus, even assuming solely for the sake of argument that Defendant rendered ineffective representation, there was no constitutional violation.

### C.  Relief Requested

This action is subject to dismissal in its entirety because none of the relief Plaintiff requests is available to him. First, Plaintiff seeks an order vacating his state criminal convictions, but such relief is unavailable in this § 1983 action. A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). Second, Plaintiff seeks monetary damages. The United States Supreme Court has made clear that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Plaintiff has not demonstrated that his convictions or sentences have been invalidated and the fact that his K.S.A. 60-1507 proceedings are ongoing further demonstrates that the convictions and sentences are still in effect.

Additionally, although Plaintiff does not identify whether he seeks compensatory, punitive, or nominal damages, the current complaint does not show a plausible claim that Plaintiff is entitled to any monetary damages. Under the Prison Litigation Reform Act (PLRA), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or

the commission of a sexual act." 42 U.S.C. § 1997e(e). As used in the PLRA, "prisoner" includes is "any person incarcerated or detained in any facility who is accused of . . . violations of criminal law." 42 U.S.C. § 1997e(h). This provision of the PLRA "limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). It applies regardless of the nature of the underlying substantive violation asserted. *Id.* Simply put, without "a prior showing of physical injury or the commission of a sexual act," a prisoner plaintiff may not obtain compensatory damages. *Id.* at 878. Plaintiff has failed to allege that he suffered a physical injury or the commission of a sexual act, so compensatory damages are not available to him in this action.

Punitive damages are available in a § 1983 lawsuit, but they "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff makes broad assertions that Defendant engaged in a corrupt and illegal conspiracy, but all of the assertions that could be liberally construed as attempts to show entitlement to punitive damages are no more than conclusory statements without sufficient specific supporting factual allegations. As noted above, when determining whether a claim is "plausible" for screening purposes, merely conclusory allegations are insufficient. Thus, Plaintiff has not alleged sufficient specific facts that would support the conclusion that he has made a plausible claim for punitive damages.

Finally, "'[n]ominal damages are damages in name only, trivial sums such as six cents or $1" that do not purport to compensate for past wrongs" and "are symbolic only." *See Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1264 (10th Cir. 2004) (citation omitted). It would be illogical for the Court to construe Plaintiff's request for $2,500,000.00 as a request for

nominal damages.

### D. Conclusion

For the reasons set forth above, this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. An amended complaint does not supplement earlier complaints; it completely replaces them. Therefore, any claims or allegations not included in the amended complaint will be no longer before the Court. Plaintiff may not refer to or incorporate by reference his initial complaint. The amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from his initial complaint.

Plaintiff must write the number of this case (23-3210) at the top of the first page of his amended complaint. He must identify only defendants who may be sued under § 1983 and he must allege sufficient facts to show that each defendant personally participated in the federal constitutional violations he alleges, as discussed above. He must clearly identify the constitutional right or rights he believes was violated. Plaintiff may attach additional pages to the form complaint if necessary, but he should not utilize the form complaint only to refer the Court generally to an attached memorandum.

 If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for the reasons stated herein. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary.

### IV.    Motion Requesting to Proceed with Additional Sheets (Doc. 3)

Also before the Court is Plaintiff's "Motion Requesting to Proceed with Additional

Sheets." (Doc. 3.) In this motion, Plaintiff seeks the Court's leave to attach additional sheets to his complaint in order to explain his claims and their supporting facts. The motion will be granted. Plaintiff is permitted to exceed the page limitations stated in the court-approved form complaint. He should be aware, however, that Local Rule 7.1(d)(2) limits prisoners' civil rights complaints to 40 pages and the Court does not look favorably upon excessive filing practices. The Court also wishes to assure Plaintiff that all submitted pages of the current complaint were carefully considered by the Court when making the decisions set forth in this order.

**IT IS THEREFORE ORDERED** that the Motion Requesting to Proceed with Additional Sheets (Doc. 3) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including October 19, 2023, to file a complete and proper amended complaint that cures all the deficiencies discussed herein. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 19th day of September, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

11